UNITED STATES of America,
Plaintiff—Appellee,

v.

Byron Lawrence AYERS, Defendant—
Appellant.

No. 02–50575.
D.C. No. CR–01–00286–R.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2003.

Decided May 21, 2003.

Before B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District Judge.*

MEMORANDUM **

Appellant, Byron Lawrence Ayers, appeals his jury conviction and sentence for entering a bank with the intent to commit a felony affecting a bank pursuant to 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 18 U.S.C. § 1291, and affirm the sentence and conviction.

Under U.S.S.G. § 1B1.2(a), "Applicable Guidelines," the court is to "[d]etermine the offense guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction (i.e. the offense conduct charged in the count of indictment

---

* The Honorable Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

or information of which the defendant was convicted)." When the Statutory Index specifies more than one offense guideline for a particular statute, application note 1 for § 1B1.2 provides that "the court will determine which of the referenced guideline sections is most appropriate for the offense conduct charged in the count of which the defendant was convicted." In this case, Ayers's conduct more closely resembled robbery than it did burglary. Therefore, the district court did not err in applying U.S.S.G. § 2B3.1.

■ Ayers also contends that the sentence he received after his second trial—14 months longer than the sentence he received after his first trial—was unconstitutional because it was vindictive punishment for his decision to exercise his right to an appeal. The Supreme Court has held that there is no presumption of vindictiveness when there was no "reasonable likelihood" of actual vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). That is the case here. The district court's imposition of a longer sentence was the result of its correction of its earlier mistake to allow an acceptance of responsibility adjustment. Ayers was not entitled to the acceptance of responsibility adjustment; he put the government to its proof and argued that he lacked the intent to commit the crime.

AFFIRMED.